# United States District Court
# Central District of California
# Eastern Division

| | |
|---|---|
| PEDRO CHEVEZ, | ED CV 13-00087 TJH(DTBx) |
| Plaintiff, | |
| v. | |
| COMMERCIAL RECOVERY SYSTEMS, INC., | Order<br>JS-6 |
| Defendant. | |

The Court has considered Plaintiffs' motion for default judgment, together with the moving papers.

Since Commercial did not respond or defend itself, the Court must presume the truth of all the well-pleaded facts. *TeleVideo Sys., Inc. v. Heidenthal*, 826 F.2d 915, 917-18 (9th Cir. 1987). The well pleaded facts state that Commercial placed a collection call to Chevez and left a message on Chevez's answering machine without disclosing the company's name, the nature of the call, or state that the call was from a debt collector. The risk of a dispute concerning material facts is limited. Further, Chevez would suffer prejudice if the Court were to deny the motion. Commercial might continue violating the law and Chevez would have no remedy.

The Fair Debt Collection Practices Act, 15 U.S.C. § 1692 ("FDCPA"), allows for actual damages, and additional or statutory damages beyond actual damages in an amount not exceeding $1.000,00. 15 U.S.C. § 1692 k(a)(2)(A). The Court considered, among other relevant factors, the frequency and persistence of the debt collector's noncompliance, the nature of such noncompliance, and the extent to which such non compliance was intentional to determine liability. 15 U.S.C. § 1692k(b)(2).

Chevez's compliant only states one instance where Commercial violated FDCPA. Commercial's calls were not "constant and continuous." The one voice message is a minor, isolated event, and a technical violation. Further, the nature of the call was not egregious.

While Chevez argues that a lodestar amount based on actual time should be used, Local Rule 55 suggests otherwise. When the judgment amount is less than $1,000.00, the Local Rules set the reasonable attorneys' fee at $250.00. *L.R. 55-3*.

Although Chevez claims 7.6 hours of legal work, the hours spent are not reasonable. Chevez's claim was neither novel nor difficult to resolve and did not require 7.60 hours.

Chevez is entitled to court's costs. 15 U.S.C. § 1692k(a)(3).

It is Ordered that the motion be, and hereby is, Granted.

It is further Ordered, Adjudged and Decreed that Defendant Commercial Recovery Systems shall be liable for and shall pay Plaintiff:

1. Statutory damages of $100.00;
2. Attorney's fees of $250.00; and
3. Costs.

Date: September 6, 2013

_____
Terry J. Hatter, Jr.
Senior United States District Judge
CC:FISCAL